Robert E. Aycock (#8878)
William B. Chadwick (#16416)
136 E. South Temple, 19th Floor
Salt Lake City, UT 84111
(801) 350-9000
raycock@pamhlaw.com
wchadwick@pamhlaw.com
*Attorneys for Plaintiff ComicBookMovie.com*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEST LITTLE SITES, d/b/a COMICBOOKMOVIE.COM, <br><br> Plaintiff, <br><br> v. <br><br> GREAT BOWERY, d/b/a TRUNK ARCHIVE, <br><br> Defendant. | **ATTORNEY PLANNING MEETING REPORT** <br><br><br> Case No. 2:19-cv-00319 <br><br> Magistrate Judge Dustin B. Pead |

**1.    PRELIMINARY MATTERS**:

   a.    Describe the nature of the claims and affirmative defenses:

   b.    This case is   ____ not referred to a magistrate judge

   ____ referred to magistrate judge _____

   ____ under 636(b)(1)(A)

   ____ under 636(b)(1)(B)

   __X__ assigned to a magistrate judge under General Order 07-001

   and

   ____ all parties consent to the assignment for all proceedings

   or

   __X__ one or more parties request reassignment to a district judge

   c.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on_____(*specify date*) at_____(*specify location*).

1

  The following attended:

    _____*name of attorney,*
  counsel for_____*name of party*
    _____*name of attorney,*
  counsel for_____*name of party*

d.  The parties _____ have exchanged or \_X\_ will exchange by **08/23/19** the initial disclosures required by Rule 26(a)(1).

e.  Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary **if the parties disagree.***

 a.  Discovery is necessary on the following subjects: *Briefly describe the subject areas in which discovery will be needed.*

**Whether Plaintiff's actions constitute copyright infringement.**
**Whether Plaintiff's actions are protected by the DMCA.**
**Whether the individuals who posted the images in question are under the control of Plaintiff or posted the images at Plaintiff's direction.**

 b.  Discovery Phases
*Specify whether discovery will (i) be conducted in phases, or (ii) be limited to or focused on particular issues. If (ii), specify those issues and whether discovery will be accelerated with regard to any of them and the date(s) on which such early discovery will be completed.*

**Discovery will not be conducted in phases or limited to or focused on particular issues.**

 c.  Designate the discovery methods to be used and the limitations to be imposed.

  (1)  *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

  Oral Exam Depositions

  Plaintiff(s)  **2**

  Defendant(s)  **2**

        Maximum number of hours per deposition   **7**

(2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

    Interrogatories   **25**

    Admissions   **50**

    Requests for production of documents   **50**

(3) Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

**Unlimited requests for authentication of documents.**

d. Discovery of electronically stored information should be handled as follows: *Brief description of parties' agreement.*

**The Parties will prepare a proposed ESI Order, generally requiring:**

- **Documents to be produced in PDF or TIFF format, unless native format will be more convenient**
- **Neither party has an obligation to make its production text-searchable**
- **Each document shall have a bates number**
- **Email production requests shall identify the custodian, search terms and time frame.**
- **Each requesting party shall limit its email production requests to a total of 5 search terms per custodian.**

e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *Brief description of provisions of proposed order.*

**The Parties will adhere to the Standard Protective Order for the United States District Court for the District of Utah.**

f. Last day to file written discovery   **12/06/19**

g. Close of fact discovery   **01/17/20**

h. *(optional)* Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e)   /  /

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

a. The cutoff dates for filing a motion to amend pleadings are: *specify date*

Plaintiff(s) **09/12/19**   Defendant(s) **09/12/19**

b. The cutoff dates for filing a motion to join additional parties are: *specify date*

Plaintiff(s) **09/12/19**   Defendants(s) **09/12/19**

*(NOTE:  Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a)).*

4. **EXPERT REPORTS**:

    a. The parties will disclose the subject matter and identity of their experts on (*specify dates*):

    Party(ies) bearing burden of proof **02/14/20**

    Counter Disclosures **03/13/20**

    b. Reports from experts under Rule 26(a)(2) will be submitted on (*specify dates*):

    Party(ies) bearing burden of proof **02/14/20**

    Counter Reports  **03/13/20**

5. **OTHER DEADLINES**:

    a. Expert Discovery cutoff:   **04/10/20**

    b. Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. **05/01/20**

    c. Deadline for filing partial or complete motions to exclude expert testimony **05/01/20**

6. **ADR/SETTLEMENT**:

    *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a. The potential for resolution before trial is:   _**X**_ good     ___fair     ____poor

    b. The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:    settlement conference (with magistrate judge): _____  arbitration: _____    mediation: _____

    c. The parties intend to engage in private alternative dispute resolution for:  arbitration: _____   mediation:   **X**__

    d. The parties will re-evaluate the case for settlement/ADR resolution on (*specify date*): **10/04/19**

7. **TRIAL AND PREPARATION FOR TRIAL:**

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

a. The parties should have **14** days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

b. This case should be ready for trial by: *specify date* **06/23/20**
*Specify type of trial*:   Jury     **X**   Bench_____

c. The estimated length of the trial is: *specify days*   **3 days**

_____William B. Chadwick_____     Date: 6/26/2019
Signature and typed name of Plaintiff(s) Attorney

_____Mathew K. Higbee_____     Date: 6/ 26 /2019
Signature and typed name of Defendant(s) Attorney

---

## NOTICE TO COUNSEL

Instructions to file the Attorney Planning Meeting Report can be found on the court's Civil Scheduling webpage.