Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8336
mhigbee@higbeeassociates.com
*Attorneys for Defendant/Counterclaim Plaintiff Trunk Archive*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEST LITTLE SITES, d/b/a COMICBOOKMOVIE.COM,<br><br>      Plaintiff,<br><br>v.<br><br>GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>      Defendant. | **DEFENDANT'S ANSWER TO THE COMPLAINT AND COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT**<br><br>Case No. 2:19-cv-00319<br><br>Magistrate Judge Dustin B. Pead |
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>      Counterclaim Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a COMICBOOKMOVIE.COM, and DOES 1 through 10, inclusive<br><br>      Counterclaim Defendants. | |

1

Defendant Great Bowery, Inc., d/b/a Trunk Archive ("Trunk Archive" or "Defendant"), by and through counsel, hereby submits its Answer and Counterclaim in response to the Complaint of Plaintiff Best Little Sites, LLC d/b/a ComicBookMovie.com ("CBM" or "Plaintiff"). The numbered paragraphs herein correspond to the numbered paragraphs of Plaintiff's Amended Complaint.

## NATURE OF ACTION

1. Trunk Archive admits that CBM seeks the relief alleged, but denies that CBM would be entitled to such relief.

## PARTIES

2. Trunk Archive is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

3. Admit.

4. Admit.

## JURISDICTION AND VENUE

5. Admit.

6. Admit.

7. Admit.

8. Admit.

## FACTUAL BACKGROUND

9. Trunk Archive is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

10. Trunk Archive is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

11. Admit.

12. Trunk Archive is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

13. Trunk Archive is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

14. Trunk Archive admits that its counsel sent correspondence to CBM's registered agent regarding the unauthorized public display of certain copyrighted photographs, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

15. Deny.

16. Trunk Archive is without sufficient information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

17. Trunk Archive admits that CBM sent an email to Trunk Archive's counsel on the date in questions, but denies as to CBM's characterization of the contents of the email.

18. Deny.

19. Trunk Archive admits that its counsel received the email from CBM's counsel attached as Exhibit C and states that the document speaks for itself.

20. Trunk Archive admits that its counsel sent the correspondence attached as Exhibits D and E and states that the documents speak for themselves.

21. Trunk Archive states that the document referenced speaks for itself.

22. Trunk Archive states that the document referenced speaks for itself.

23. Trunk Archive states that the document referenced speaks for itself.

24. Trunk Archive admits that its counsel sent correspondence to CBM's registered agent regarding the unauthorized public display of certain copyrighted photographs, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

25. Trunk Archive admits that its counsel sent correspondence to CBM's registered agent regarding the unauthorized public display of certain copyrighted photographs, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

26. Trunk Archive admits that its counsel sent correspondence to CBM's registered agent regarding the unauthorized public display of certain copyrighted photographs, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

27. Trunk Archive admits that its counsel sent correspondence to CBM's registered agent regarding the unauthorized public display of certain copyrighted photographs, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

28. Trunk Archive admits that its counsel sent correspondence to CBM's registered agent regarding the unauthorized public display of certain copyrighted photographs, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

29. Trunk Archive admits that its counsel sent correspondence to CBM's registered agent regarding the unauthorized public display of certain copyrighted photographs, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

30. Trunk Archive admits that its counsel sent correspondence to CBM's registered agent regarding the unauthorized public display of certain copyrighted photographs, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph of the Complaint, and on that basis denies such allegations.

31. Trunk Archive admits that its counsel received the email from CBM's counsel attached as Exhibit F and states that the document speaks for itself.

32. Admit that on or about April 19, 2019, CBM's counsel had a telephone conversation with Trunk Archive's counsel but denies as to CBM's characterization of the contents of the phone call.

33. Admit that on or about April 19, 2019, CBM's counsel had a telephone conversation with Trunk Archive's counsel but denies as to CBM's characterization of the contents of the phone call.

34. Deny.

**FIRST CLAIM FOR RELIEF**
**(For Declaratory Judgment of No Copyright Infringement)**

35. Trunk Archive incorporates herein the foregoing answers.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

## PRAYER FOR RELIEF

41. Trunk Archive denies all allegations not specifically admitted above, including any allegations contained in any heading in the Complaint, any prayer for relief or any request for judgment.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. CBM's claim that there is a justiciable controversy fails because CBM's actions as alleged in the Complaint constitute actionable copyright infringement.

## SECOND AFFIRMATIVE DEFENSE

2. CBM's claim for DMCA Safe Harbor fails because the photographs at issue were not stored and/or did not reside on a system or network controlled or operated by CBM at the direction of a third-party user, but were instead displayed on the CBM website by employees and/or authorized agents acting on behalf of CBM.

## THIRD AFFIRMATIVE DEFENSE

3. CBM's claim for DMCA Safe Harbor fails because CBM received a financial benefit directly attributable to display of the photographs on the CBM website and CBM had the right and ability to control such activity.

## COUNTERCLAIM

1. Defendant/Counterclaim Plaintiff Great Bowery, Inc., d/b/a Trunk Archive ("Trunk Archive") states its counterclaim against Plaintiff/Counterclaim Defendant Best Little Sites, LLC d/b/a ComicBookMovie.com ("CBM") as follows:

## PARTIES

2. Defendant/Counterclaim Plaintiff Great Bowery, Inc. d/b/a Trunk Archive is a Delaware corporation duly organized by law, having a place of business at 190 Bowery New York, NY 10012.

6

3.      Plaintiff/Counterclaim Defendant CBM is a Utah limited liability company duly organized and existing under the laws of Utah, with a principal place of business at 639 E 720 N, Lindon, UT 84042.

4.      Trunk Archive is unaware of the true names and capacities of the Counterclaim Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Counterclaim Defendants under such fictitious names. Trunk Archive is informed and believes and on that basis alleges that such fictitiously named Counterclaim Defendants are responsible in some manner for the occurrences herein alleged, and that Trunk Archive's damages as herein alleged were proximately caused by the conduct of said Counterclaim Defendants. Trunk Archive will seek to amend the complaint when the names and capacities of such fictitiously named Counterclaim Defendants are ascertained. As alleged herein, "Counterclaim Defendant" shall mean all named Counterclaim Defendants and all fictitiously named Counterclaim Defendants.

5.      For the purposes of this Complaint, unless otherwise indicated, "Counterclaim Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Counterclaim Defendants named in this caption.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and under the laws of the United States concerning actions relating to copyright, 28 U.S.C. § 1338(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

8.      This Court has personal jurisdiction over CBM because CBM conducts business in the state of Utah and is located within the state of Utah.

9. Venue is proper because CBM is located in this Judicial District, and a substantial part of the events or omissions giving rise to the claims alleged in this Counterclaim occurred in this Judicial District.

## FACTUAL BACKGROUND

### Trunk Archive

10. Trunk Archive is a full service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

11. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

12. One of Trunk Archive's most prominent American portrait photographer Annie Leibovitz.

13. Leibovitz is primarily known for her celebrity portraiture, and her work has been used on numerous album covers and magazines.

14. Perhaps her most iconic photograph is that of musician John Lennon and his wife Yoko Ono taken for *Rolling Stone* magazine mere hours before Lennon was shot and killed in front of his apartment on December 8, 1980.

15. In 2017, Leibovitz took a series of photographs of the cast of *Star Wars: The Last Jedi* to be released exclusively by the publication *Vanity Fair* ("Vanity Fair Photographs") in its Summer 2017 issue.

16. Attached hereto as Exhibit A are true and correct copies the eight Vanity Fair Photographs at issue in this case.

17. On May 23, 2017, *Vanity Fair* exclusively published four covers of the Summer 2017 issue featuring the Photographs on its website. *See* https://www.vanityfair.com/hollywood/2017/05/star-wars-the-last-jedi-four-covers.

18. On May 24, 2017, *Vanity Fair* published the remaining Photographs on its website with a "VF" watermark on the bottom right corner and the caption "PHOTOGRAPHED

EXCLUSIVELY FOR *V.F* BY ANNIE LEIBOVITZ". *See* https://www.vanityfair.com/hollywood/2017/05/star-wars-the-last-jedi-cover-portfolio.

19. *Vanity Fair* subsequently released its Summer 2017 issue in New York and Los Angeles on May 31, 2017 and nationally on June 6, 2017.

20. Leibovitz registered the Vanity Fair Photographs with the United States Copyright Office under registration VA 2-111-252 with an effective registration date of July 10, 2017.

21. Leibovitz subsequently granted Trunk Archive the exclusive right to license the Vanity Fair Photographs.

### www.ComicBookMovie.com

22. Counterclaim Defendant CBM owns and operates the website www.comicbookmovie.com (the "Website").

23. CBM's Website consists primarily of movies and television articles and other related editorial content geared towards the comic book, graphic novel, sci-fi, fantasy, and horror genres.

24. All of the articles and other editorial content on CBM's Website are monetized through paid advertisements.

25. According to CBM the Website receives millions of page views per month, including receiving over 33.5 million page views in April 2015.

26. Attached hereto as Exhibit B is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/about/advertise/.

27. The content on CBM's Website is created in a variety of different ways.

28. First, CBM actively solicits paid contributors to generate, edit, and moderate content for the CBM Website.

29. Paid contributors are expected to meet a minimum article count "based upon your desired shift (typically one per day), that you will be required to met to maintain editorship and

payment eligibility." Paid contributors are compensated each month and are eligible for bonus and other incentives based on the content they create to CBM's Website.

30. Attached hereto as Exhibit C is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/about/contribute/.

31. CBM also allows unpaid persons to register for an account on the Website and submit content to CBM.

32. For unpaid content, CBM authorizes "a large group of volunteer contributors maintain the professional quality of the content" that is submitted in accordance with CBM's editorial guidelines and style guide. *See* https://www.comicbookmovie.com/about/.

33. "To get your content seen on the homepage it has to be GOOD. Every day CBM editors check out user contributed content and pick the best to showcase."

34. Attached hereto as Exhibit D is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/members/faq/.

35. On information and belief, content that is selected for the CBM Website homepage is reviewed and edited for compliance with CBM's editorial guidelines and style guide by a paid CBM editor prior to being republished to the homepage.

**CBM's Infringing Conduct**

36. In February 2019, Trunk Archive discovered an article on the CBM Website titled "Stunning STAR WARS: THE LAST JEDI Pics Provide First Looks At Benicio Del Toro & Laura Dern's Characters" dated May 24, 2017, authored by an individual named Mark Cassidy, which displayed eight of the Vanity Fair Photographs ("Infringing Article").

37. Attached hereto as Exhibit E is a true and correct copy of the Infringing Article.

38. The Vanity Fair Photographs, as displayed in the Infringing Article contain the prominent watermark "VF" in the bottom right hand corner indicating that they originated with the *Vanity Fair* publication.

39. Cassidy, the author of the Infringing Article, is listed prominently on the "About" page of the Website as one of the four "Top Contributors."

40. Attached hereto as Exhibit F is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/about/.

41. Cassidy's profile on the CBM Website states that he has been a member of the Website since November 9, 2008, and stated that he has contributed over 13,000 posts to the CBM Website, or an average of 3.3 per day.

42. Attached hereto as Exhibit G is a true and correct copy of the page on the CBM Website https://www.comicbookmovie.com/user/RorMachine.

43. Cassidy lists himself on his LinkedIn as "Editor" of the Website and as "Head editor/reviewer" on his Twitter page.

44. Attached hereto as Exhibit H is a true and correct copy of Cassidy's LinkedIn and Twitter pages.

45. On information and belief Cassidy is a paid editor/contributor to the Website.

46. On information and belief Cassidy is expressly authorized by CBM to create and edit content for the Website.

47. On information and belief, Cassidy caused the Vanity Fair Photographs to be displayed on the Website in the Infringing Article.

48. On information and belief, content created by Cassidy and other paid/contributors is created in behalf of and endorsed by CBM.

49. In an post to his Twitter account on October 2, 2014, Cassidy stated "Once again: If something isn't written up by a CBM editor and posted out on our main page, it is not endorsed by us."

50. Attached hereto as Exhibit I is a true and correct copy of Cassidy's October 2, 2014 tweet.

51. On information and belief, CBM monetized the Infringing Article and received advertising revenue from visitors to the Website who viewed the Infringing Article.

## FIRST COUNTERCLAIM
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

52. Trunk Archive incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Trunk Archive holds the exclusive right to license the Vanity Fair Photographs, which are original works of authorship subject to copyright protection under the laws of the United States.

54. The Vanity Fair Photographs have been registered with the United States Copyright Office and perfected registration certificates have been issued.

55. CBM has directly, vicariously, contributorily and/or by inducement willfully infringed the copyrights to the Vanity Fair Photographs by causing them to be displayed as part of the Infringing Article on the Website without authorization in violation of 17 U.S.C. § 501 *et seq*.

56. All CBM's acts were performed without Trunk Archives' permission, license, or consent.

57. As a result of CBM's violations of Title 17 of the U.S. Code, Trunk Archive is entitled to recover damages in the form of any actual damages and disgorgement of profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

58. As a result of CBM's violations of Title 17 of the U.S. Code, the court in its discretion may allow Trunk Archive the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from CBM.

59. The said wrongful acts of CBM has caused, and are causing, great injury to Trunk Archive, which damage cannot be accurately computed, and unless this Court restrains CBM

from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law.

60. Accordingly, Trunk Archive seeks a declaration that CBM is infringing the copyrights to the Vanity Fair Photographs and an order under 17 U.S.C. § 502 enjoining CBM from any further infringement of its copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Trunk Archive requests judgment against CBM as follows:

1. CBM and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with CBM be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all copyrights owned or managed by Trunk Archive;

2. An accounting be made for all profits, income, receipts or other benefit derived by CBM from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringed the Vanity Fair Photographs pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

3. Actual damages and disgorgement of all profits derived by CBM from its acts of copyright infringement to reimburse Trunk Archive for all damages suffered by it by reasons of CBM's acts, under 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Trunk Archives' election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

4. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 or otherwise available by law;

5. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, or otherwise available by law;

6. Prejudgment interest to Trunk Archive on all amounts owed; and

7. Any such other and further relief as the Court may deem just and appropriate.

Dated: July 12, 2019                                                Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8336
mhigbee@higbeeassociates.com
*Attorneys for Defendant/Counterclaim Plaintiff Trunk Archive*

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff, Great Bowery, Inc., d/b/a Trunk Archive hereby demands a jury trial in the above matter.

Dated: July 12, 2019                                         Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8336
mhigbee@higbeeassociates.com
*Attorneys for Defendant/Counterclaim Plaintiff Trunk Archive*