Robert E. Aycock (#8878)
William B. Chadwick (#16416)
**PIA ANDERSON MOSS HOYT, LLC**
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
Phone: (801) 350-9000
raycock@pamhlaw.com
wchadwick@pamhlaw.com

*Attorneys for Plaintiff ComicBookMovie.com*

**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| BEST LITTLE SITES, LLC, a Utah limited liability company, d/b/a COMICBOOKMOVIE.COM<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GREAT BOWERY, INC., d/b/a TRUNK ARCHIVE,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF'S OPPOSITION TO MOTION FOR TELEPHONIC STATUS CONFERENCE**<br><br>Case No. 2:19-CV-00319<br><br>Judge: Judge David D. Barlow |

Plaintiff and Counterclaim Defendant Best Little Sites, LLC, d/b/a Comicbookmovie.com ("***CBM***") hereby opposes the Motion for Telephonic Status Conference ("***Motion***") filed by Defendant and Counterclaim Plaintiff Great Bowery, Inc., d/b/a Trunk Archive ("***Trunk Archive***").

### I.    INTRODUCTION

Trunk Archive's counsel is well-known for sending out a high volume of copyright allegations that leverage the cost of litigation and statutory copyright damages to obtain low-value settlements and for having a reluctance to litigate cases on the merits.[1] This case is no different. After receiving a cease

---

[1] *See, e.g.,* PUBLIC CITIZEN, "Consumer Warning: Copyright Tolling by Higbee and Associates," February 12, 2019, https://pubcit.typepad.com/clpblog/2019/02/consumer-warning-copyright-

1

and desist letter from Trunk Archive's counsel, CBM preemptively filed a declaratory action for noninfringement based the safe harbor of the Digital Millennium Copyright Act ("**DMCA**") and the fact that the accused images were embedded and linked back to a third-party server. In response, Trunk Archive counterclaimed for copyright infringement. Since then, however, Trunk Archive has done nothing to prosecute its infringement claim and has repeatedly ignored or violated this Court's Local Rules. For instance, Trunk Archive waited until after the discovery deadline to submit its only discovery requests. Then, Trunk Archive waited until after the close of fact discovery to confer regarding what it alleges are inadequate responses. Now, months after the close of fact discovery, Trunk Archive still will not pursue its alleged discovery disputes.

Trunk Archive's actions reveal that it really only wants one thing: a ruling from the District of Utah that contradicts established 9th Circuit precedent that inline linking to a copyrighted image does not constitute copyright infringement that it can use to extract settlements from other defendants. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159-60 (9th Cir. 2007). For this reason, Trunk Archive is desperate for the Court to not consider CBM's defense that under 17 U.S.C. § 512(c), it is not liable for the accused material because it was posted "at the direction of a user" and because CBM had no knowledge of the alleged infringing activity and acted expeditiously to remove the accused material. Trunk Archive's proposal is prejudicial and does not promote resolution in this case. Even if Trunk Archive finds a way to create new precedent within the 10th Circuit as to the inline linking issue,

---

trolling-by-higbee-and-associates.html; MATTHEW SAG, "So, you got a copyright infringement demand letter from Higbee & Associates?" August 20, 2019, https://matthewsag.com/so-you-got-a-copyright-infringement-demand-letter-from-higbee-associates/; VONDRAN LEGAL, "Copyright Watchdog – Did You Receive A Photo Infringement Demand Letter From Higbee & Associates?" September 20, 2017, https://www.vondranlegal.com/copyright-watchdog-did-you-receive-a-photo-infringement-demand-letter-from-higbee-associates; TECHDIRT, "Investigating the Higbee & Associates Copyright Trolling Operation," February 22, 2019, https://www.techdirt.com/articles/20190220/13283641640/investigating-higbee-associates-copyright-trolling-operation.shtml; EXTORTION LETTER INFO, "Higbee Associates Letter & Lawsuits Forum," https://www.extortionletterinfo.com/forum/higbee-letter-lawsuits-forum/.

the parties will still need to address CBM's DMCA safe harbor defense through summary judgment or trial.

**II.      STATEMENT OF FACTS**

1.      ComicBookMovie.com is a user-generated website where fans can post text, images, and comments related to movies based on comic books and other movies in that genre.

2.      CBM's website lists its copyright policy and all users must agree to abide by it before posting content. CBM's copyright policy provides a mechanism to submit DMCA Takedown Notices. CBM's Service Provider/Designated Agent is its owner, Nathan Best ("***Best***").

3.      On April 10, 2019, Trunk Archive's counsel sent a form letter to Best alleging copyright infringement for user-generated content posted on CBM's website that included embedded images hosted by third parties and offering a settlement well below the cost of litigation. CBM immediately removed the images in question. [2]

4.      On May 9, 2019 CBM filed a declaratory judgment of noninfringement. On July 12, 2019, Trunk Archive filed an answer and counterclaim for copyright infringement.

5.      On June 24, 2019, the parties participated in the mandatory Rule 26(f) conference and discussed discovery deadlines, among other things. The parties subsequently exchanged drafts of the Attorney Planning Meeting Report and the proposed scheduling order. On August 1, 2019, the Court entered the Scheduling Order as proposed and stipulated by the parties. Dkt. 16.

---

[2] On March 13, 2019, Trunk Archive's counsel sent CBM an almost identical letter on behalf of Douglas Kirkland ("Kirkland"), a separate copyright holder. The allegations in the Kirkland letter also regarded user-generated content that included embedded images hosted by third parties and were paired with a settlement offer well below the cost of litigation. That matter immediately settled after CBM filed a declaratory judgment action in this Court. *See Best Little Sites v. Kirkland*, Case No. 2:19-cv-320 (D. Utah).

6. The Court's scheduling order, the stipulated proposed scheduling order, the drafts of the scheduling order exchanged between the parties, and the District of Utah's standard proposed scheduling order form all contain the following text at the beginning:

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

7. Pursuant to the scheduling order, the deadline to serve written discovery was 4:30 PM on December 6, 2019. Dkt. 16.

8. At 11:41 PM on December 6, 2019, Trunk Archive served its first set of interrogatories and requests for production along with a corrupted file that could not be opened that Trunk Archive now claims were requests for admissions. During discovery, Trunk Archive did not conduct any depositions or issue any third-party subpoenas.

9. On January 6, 2020, CBM objected to the interrogatories and requests for production as untimely and failing to comply with the Federal Rules of Civil Procedure and Scheduling Order.

10. On January 17, 2020, fact discovery closed without Trunk Archive raising any concern over CBM's objections. Dkt. 16. To date, Trunk Archive has not filed any motion to compel or sought any relief for what it claims are deficient discovery responses.

11. On February 3, 2020, Trunk Archive sent its first communication regarding CBM's discovery responses. On February 5, 2020, the parties had a meet and confer wherein CBM's counsel explained its position that Trunk Archive's discovery requests were untimely and that the alleged requests for admission were corrupt. Trunk Archive requested that CBM agree to a suspension of its discovery dispute and presented the same proposal as set forth in its Motion. CBM declined the proposal.

### III.     ARGUMENT

####     A.     There is no pending discovery issue.

There is no pending issue to suspend or resolve. During the entirety of fact discovery, Trunk Archive did not submit a single discovery request to CBM or any third party. After the close of fact discovery, Trunk Archive served one set of objectionable interrogatories and requests for production and a corrupt file that cannot be opened that it claims are requests for admissions. Out of an abundance of caution, CBM objected to the untimely requests. Trunk Archive does not dispute this deadline or its failure to comply and it still has not provided any explanation for why it did not serve written discovery before the ordered and agreed-to deadline.

As for the alleged request for admission, the file provided was corrupt and inaccessible. Trunk Archive does not dispute this but simply argues that CBM should have said something to Trunk Archive about the issues with the file. More importantly, requests for admission that are not timely served are not deemed admitted if the responding party does not respond. *See Dinkins v. Bunge Milling, Inc.*, 313 Fed. Appx. 882, 884 (7th Cir. 2009) (untimely requests for admission without a response are not deemed admitted because "a party is not required to give any response to such untimely requests."). This is doubly true if the request for admission could not be accessed. *DeLeon v. Ramirez*, 465 F. Supp. 698, 701 (S.D.N.Y. 1979) (requiring that requests for admission be "properly stated" before they may be deemed admitted.). To date, Trunk Archive has not provided a version of its requests for admission that can be accessed, and CBM is still not aware of what Trunk Archive claims to be deemed admitted.

Trunk Archive did not raise any discovery dispute before the close of fact discovery and cannot raise them now, months after discovery closed. *See Kindig-It Design, Inc. v. Creative Controls, Inc.*, No. 14-cv-867, 2017 WL 11476473, at *1 (D. Utah Apr. 21, 2017) ("The filing of a motion to compel a month after the close of discovery was undoubtedly untimely.") When fact discovery closed on January 17, 2020, Trunk Archive had not made any formal request or even informal

5

communication regarding CBM's responses to the untimely discovery requests. Two weeks after the close of fact discovery and almost after a month after Trunk Archive served its responses, Trunk Archive's counsel emailed and conferred with CBM's counsel regarding CBM's responses for the first time. Trunk Archive's delay runs counter to Utah Local Rule DUCivR 37(a)(1) which requires parties wishing to file a discovery motion to make a "prompt written communication to the opposing party" that lays out the issue in question and requesting a meet and confer. *Id.* (emphasis added).

Still, Trunk Archive has elected to not to raise a motion to compel or seek any relief from the Court. Trunk Archive's only stated reason for not requesting any discovery relief is fear of a "protracted discovery battle" Motion at 2, 4. This concern is unfounded and does not justify Trunk Archive's lack of diligence. Even if Trunk Archive could seek relief at this point, the procedure would be minimal: a 500-word Short Form Discovery Motion and participation in a hearing if the Court decides to set one. *See* Utah Local Rule DUCivR 37-1(a)(3), (7). Trunk Archive's reluctance to participate in its own case does not excuse it from its obligation to prosecute its case in accordance with the Federal Rules, Local Rules, and Scheduling Order. *See* Fed. R. Civ. P. 41(b).

There are no pending discovery disputes and Trunk Archive cannot raise a new dispute now. Consequently, CBM remains unwilling to agree to Trunk Archive's proposed stay of discovery issues if it means that Trunk Archive could potentially resurrect an extinguished claim down the road. A status conference based on Trunk Archive's frivolous discovery arguments is unnecessary and wasteful.

B.    Trunk Archive's summary judgment briefing proposal is prejudicial and inefficient.

The parties agree that there are only two main issues to resolve in this litigation: (1) whether embedded images hosted by a third party constitute copyright infringement, and (2) whether CBM falls within the DMCA safe harbor. Should CBM prevail on either issue, it will be released from liability. Trunk Archive's summary judgment briefing proposal prevents CBM from addressing the DMCA safe harbor defense and restricts the Court to rule only on the inline linking question. This proposal is

prejudicial and unnecessarily drags out the litigation. Importantly, Trunk Archive may file a motion for summary judgment on just the inline linking issue without seeking leave from the Court. However, what Trunk Archive's proposal does is to simply deny CBM the opportunity to raise its DMCA safe harbor defense. Should Trunk Archive prevail on the inline linking issue, the copyright infringement claim is still not resolved because CBM has a DMCA safe harbor defense to be resolved through summary judgment or trial. Trunk Archive's piecemeal approach to summary judgment unnecessarily duplicates the proceedings.

Trunk Archive's lack of diligence should not be rewarded with a non-dispositive decision on the merits. Trunk Archive did not move for a motion to dismiss, motion for summary judgment, or a motion for judgment on the pleadings on its legal argument regarding inline linking. It also did not move for declaratory judgment on the inline linking issue. Instead, Trunk Archive brought and minimally litigated a copyright infringement claim and that has hung over CBM's head for months before seeking a decision on the inline-linking legal issue.[3]

## IV. CONCLUSION

Trunk Archive has dug itself a hole by failing to conduct discovery until after the deadline to serve written discovery passed, by failing to raise any issue with counsel regarding CBM's responses until after the close of fact discovery, and by failing to file any discovery motion. Now, Trunk Archive is seeking a narrow ruling as to inline linking that it can use as leverage in other copyright settlement demands across the country even if such a ruling is not dispositive of the case at issue. There is no

---

[3] There are procedural irregularities with Trunk Archive's Motion. Although a telephonic conference is certainly appropriate given the Court's recent orders regarding the COVID-19 pandemic, CBM notes that there was no such guidance in place when Trunk Archive filed the instant motion. This Court's Local Rule 2.C requires that "[a]ll counsel and all witnesses must appear in person unless approved by the court in advance for good cause shown." (emphasis added). Trunk did not provide any reason or good cause for why it should be excused from appearing in person as required. Further, in violation of this Court's Local Rule 2.C, Trunk Archive did not submit a proposed order in connection with its Motion.

reason to arbitrarily separate the inline linking issue from CBM's DMCA safe harbor defense in the summary judgment briefing and CBM's Motion should be denied.

Dated this 23rd day of March 2020.

                                         PIA ANDERSON MOSS HOYT

                                         */s/ Robert E. Aycock*
                                         Robert E. Aycock
                                         William B. Chadwick

                                         *Attorneys for Plaintiff ComicBookMovie.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2020, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO MOTION FOR TELEPHONIC STATUS CONFERENCE** to be filed via the Court's CM/ECF system which directed service by email on all counsel of record.

*/s/ Hilda Echegaray*