IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BEST LITTLE SITES,<br>dba, ComicBookMovie.com,<br><br>     Plaintiff and Counterclaim Defendant,<br>v.<br><br>GREAT BOWERY,<br>dba Trunk Archive,<br><br>     Defendant and Counterclaim Plaintiff. | ORDER DENYING MOTION FOR STATUS CONFERENCE<br><br>Case No. 2:19-cv-00319-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant/Counterclaim Plaintiff Great Bowery, dba Trunk Archive's (Trunk Archive) Motion for a Telephonic Status Conference (ECF 20) (the Motion). Trunk Archive requests an "informal" status conference for the purposes of discussing a discovery dispute and resolution of a dispositive issue (ECF 20 at 2). Plaintiff/Counterclaim Defendant Best Little Sites, dba ComicBookMovie.com (CBM) opposes this request on the grounds that the proper means for resolving these issues is through a discovery motion and a summary judgment motion (ECF 26 at 6–7). In response, Trunk Archive argues that a status conference would promote efficient resolution of this case (ECF 27 at 4–6). Having considered the relevant filings, the court will DENY the Motion.

On May 9, 2019, CBM initiated this declaratory judgment action arising from a copyright dispute with Trunk Archive (ECF 2). Trunk Archive filed its Answer and Counterclaim for copyright infringement on July 12, 2020 (ECF 7), and CBM thereafter filed its Answer to the Counterclaim on August 2, 2020 (ECF 17). On August 1, 2019, the court entered a scheduling order in this case setting the deadlines for written discovery on December 6, 2019, close of discovery on January 17, 2020, and dispositive motions on May 1, 2020 (ECF 16). Trunk

Archive filed its Motion on March 2, 2020 (ECF 20).  No motions to amend the scheduling order, discovery motions, or dispositive motions have been filed in this case.

Trunk Archive's first reason for requesting a status conference is to resolve a discovery dispute between the parties arising from CBM's alleged failure to adequately respond to written discovery propounded by Trunk Archive on December 6, 2019 (ECF 20 at 3).  CBM responds that there is no discovery dispute because Trunk Archive's discovery requests were inaccessible and untimely served at 11:41 p.m., CBM timely filed objections to the requests, and Trunk Archive failed to timely file a motion to compel (ECF 26 at 5–6).  Discovery disputes are governed by Local Rule 37-1, which requires the parties to either file a short form discovery motion to resolve the dispute by order or contact chambers to request a discovery dispute conference to resolve it by telephone.  DUCivR 37-1(a)(2)–(3).

Here, Trunk Archive did not contact chambers to request a discovery dispute conference. Instead, in violation of DUCivR 37-1, Trunk Archive filed the instant Motion without requesting expedited treatment, complying with the 500-word limitation for short form discovery motions, or including a meet-and-confer certification, and then filed a reply memorandum without asking the court for extended briefing.  DUCivR 37-1(a)(3)–(5), (8).  In light of Trunk Archive's failure to comply with the required procedures for resolution of discovery disputes, the court declines to reach the merits of the dispute.  Even if the court were to consider the Motion in spite of its procedural deficiencies, the court would deny the Motion as untimely because it was filed over a month after the close of discovery.  *See Kindig-It Design, Inc. v. Creative Controls, Inc.*, No. 2:14-cv-00867-JNP-BCW, 2017 WL 11476473, at *1 (D. Utah Apr. 21, 2017) ("The filing of a motion to compel a month after the close of discovery was undoubtedly untimely.").  The court

therefore denies Trunk Archive's request to resolve a discovery dispute through an informal status conference.

Trunk Archive also requests a status conference in order to discuss a stay of discovery on CBM's safe harbor defense and briefing on whether CBM's "inline linking" constitutes copyright infringement (ECF 20 at 4).  CBM responds that limiting briefing to the "inline linking" issue would be prejudicial and inefficient as opposed to resolving both issues in a summary judgment motion (ECF 26 at 6–7).  The parties appear to be in agreement that the "inline linking" issue is at least in part dispositive of the parties' claims and defenses.  The court notes that this matter is referred to the undersigned in accordance with 18 U.S.C. § 636(b)(1)(A) (ECF 18), meaning that the undersigned lacks the authority to resolve dispositive motions or issues.  The court agrees with CBM that the proper means for resolving a dispositive issue, such as the "inline linking" issue, is through a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Moreover, the appropriate procedure for changing the deadlines for discovery and dispositive motions is through a motion to amend the scheduling order pursuant to Federal Rules of Civil Procedure 16(b)(4) and 6(b).  By failing to file such motions, Trunk Archive has thus far failed to avail itself of the available procedures for resolution of this issue prior to trial.  The court therefore denies Trunk Archive's request to hold an informal status conference to discuss the briefing of a dispositive issue.

Accordingly, it is hereby ORDERED that the Motion is DENIED.

DATED this 4 May 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah