Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8336
mhigbee@higbeeassociates.com
*Attorneys for Defendant/Counterclaim Plaintiff Trunk Archive*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEST LITTLE SITES, d/b/a COMICBOOKMOVIE.COM,<br><br>Plaintiff,<br><br>v.<br><br>GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>Defendant. | **OBJECTION TO MAY 4 ORDER DENYING MOTION FOR STATUS CONFERENCE**<br><br>Case No. 2:19-cv-00319<br><br>District Judge David Barlow<br><br>Magistrate Judge Ceclia M. Romero |
| GREAT BOWERY, d/b/a TRUNK ARCHIVE,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>BEST LITTLE SITES, d/b/a COMICBOOKMOVIE.COM, and DOES 1 through 10, inclusive<br><br>Counterclaim Defendants. | |

1

**MOTION FOR STATUS CONFERENCE**

**I.     INTRODUCTION**

Defendant and Counterclaim Plaintiff Great Bowery d/b/a Trunk Archive ("Trunk Archive"), pursuant to Fed. R. Civ. P. 72(a), moves this Honorable Court for an order reversing the Magistrate Judge's Order entered May 4, 2020 (hereinafter "Order") denying Trunk Archive's request to hold a telephonic status conference to discuss with the Court whether it would be appropriate to allow the parties to engage in narrow briefing on a potentially dispositive singular issue in the case.

**A.     Factual Background**

This is a copyright infringement case between Plaintiff and Counterclaim Defendant Best Little Sites d/b/a ComicBookMovie.com ("CBM") and Trunk Archive.

Previously, the Court entered a Scheduling Order setting December 6, 2019 as the last day to serve written discovery. Dkt. #16. The Scheduling Order set January 17, 2020 as the last day to conduct fact discovery and set a final discovery cut off date of April 10, 2020 to conduct expert related discovery. *Ibid.* In addition, the Scheduling Order set a dispositive Motions deadline of May 1, 2020. *Ibid.*

On December 6, 2019, both CBM and Trunk Archive served various discovery requests on one another. Declaration of Mathew K. Higbee ("Higbee Decl.") ¶2. On January 6, 2020, CBM served responses to Trunk Archive's Requests for Production and Interrogatories objecting to each and every request and refusing to provide a single substantive response or document. CBM did not serve any responses or objections to Trunk Archive's Requests for Admission. Higbee Decl. ¶3.

Shortly thereafter, counsel for Trunk Archive made efforts to meet and confer with counsel for CBM to discuss the discovery issue. On February 5, 2020 counsel for the parties had a telephone call in which they discussed the discovery issue. Higbee Decl. ¶4. Counsel for Trunk Archive also stated on the call that it believed two main questions were at issue in the case: 1)

whether CBM's "inline linking" of the photographs at issue constituted actionable infringement; and 2) whether CBM could properly invoke a statutory safe harbor defense. Higbee Decl. ¶5. Trunk Archive's counsel pointed out that the discovery being sought by Trunk Archive was primarily related to CBM's DMCA safe harbor defense, and suggested that resolution of the "inline linking" issue was not dependent on whether CBM qualified for DMCA safe harbor. Higbee Decl. ¶6.

Trunk Archive's counsel suggested that since the facts surrounding the "inline linking" issue appeared to not be in dispute, that perhaps the parties could agree to set aside all matters related to CBM's disputed discovery responses and jointly move the court to allow briefing solely on the merits of the "inline linking" issue to potentially save the parties from engaging in a protracted discovery dispute. Higbee Decl. ¶7.

Counsel for Trunk Archive followed up the telephone conversation with an email stating:

> "We are proposing that both parties ask the court to allow us to suspend our discovery dispute and allow Counterclaim Plaintiff to file a motion for summary judgment on the issue of whether or not displaying an image via an inline link constitutes displaying an image for purposes of copyright infringement. We believe that resolving this issue first will either cause the case to be disposed of or greatly simplify the litigation while increasing the chances of settlement. If you agree, we suggest requesting a call with the judge to do a brief telephonic status hearing where we could present the idea."

Higbee Decl., Exhibit A.

Counsel for CBM stated that he needed to confer with his client and would get back to counsel for Trunk Archive at a later date. Higbee Decl. ¶8. Trunk Archive's counsel followed up on February 12 and received a response that CBM's counsel was "working with our client to get a response" to the proposal. Higbee Decl. ¶9.

On February 25, 2020, Diana Ramirez, a paralegal from Trunk Archive's counsel's office called and left a message with the courtroom staff to inquire about setting a telephonic status hearing. Declaration of Diana Ramirez ("Ramirez Decl.") ¶2, Exhibit A. On February 26, 2020, Ramirez spoke to a court staff member who advised that Trunk Archive should file a Motion specifying the relief sought and that, depending on what the issues were, the court would

3

determine whether it was appropriate for the District Judge or the Magistrate Judge to consider. Ramirez Decl.") ¶3, Exhibit A.

On March 2, 2020 CBM's counsel sent an email stating that they would not accept Trunk Archive's proposal to brief the "inline link" issue. Higbee Decl. ¶10, Exhibit A. That same day, Trunk Archive filed its Motion requesting a telephonic status conference to with the Court whether it might be appropriate to simply have the parties brief the threshold "inline link" issue and possibly avoid the discovery dispute altogether, or whether Trunk Archive should move forward with trying to resolve the discovery dispute by appropriate means. *See* Dkt. #20. Since the purpose of the telephonic conference was not to resolve the discovery dispute, but to discuss potentially dispositive briefing, Trunk Archive's Motion did not request or seek relief under Federal Rules of Civil Procedure 37 or DUCivR 37-1.

On May 4, 2020, Magistrate Judge Cecilia M. Romero issued an Order denying Trunk Archive's request for a telephonic status conference. Dkt. #29. The Order construed Trunk Archive's Motion as a seeking discovery related relief pursuant DUCivR 37 and denied Trunk Archive relief on that basis that it did not comply with various procedural provisions of DUCivR 37, that it was untimely since was filed "after the close of discovery," and that Magistrate Judge Romero lacked authority to make any rulings regarding dispositive motions. Dkt. #29.

Trunk Archive now files this Objection and respectfully requests that the Order dated May 4, 2020 be reversed and that the Court allow the telephonic status hearing to go forward. Additionally, because of the ambiguity regarding whether the status conference would go forward due to the pendency of Trunk Archive's Motion, Trunk Archive would also request that, even if its Objection be denied, that the dispositive motion deadline be extended in light of the timing of the ruling on Trunk Archive's Motion.

II.     LEGAL STANDARD

A district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Pursuant to the Federal Rules of Civil Procedure the "district judge ... must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Here, the Magistrate Judge's Order made a number of critical factual and legal errors to deny the relief sought by Trunk Archive. Furthermore, the Magistrate Judge also noted in the Order that she did not possess authority to resolve matters related to dispositive motions, which was the crux of the issue that counsel wished to discuss with the Court at the status conference requested by Trunk Archive.

Therefore, Trunk Archive respectfully requests that the May 4, 2020 Order be reversed and that Trunk Archive be granted its request for a telephonic status conference.

### III.    THE MAY 4, 2020 ORDER RELIED ON CLEARLY ERRONEOUS FACTUAL AND LEGAL REASONING AND SHOULD BE REVERSED

#### A.    The Order Erroneously Construed Trunk Archive's Motion Under DUCivR 37 And Denied Relief For Failure To Follow The Procedures Of DUCivR 37.

The May 4 Order should be reversed because it made a number of clear factual and legal errors by improperly construing the relief sought by Trunk Archive and denying the Motion for failure to comply with inapplicable procedural rules.

Firstly, the Order erroneously construed the relief sought by Trunk Archive as requesting a resolution of the discovery dispute between the parties. The Order states that "Trunk Archive's first reason for requesting a status conference is to resolve a discovery dispute between the parties arising from CBM's alleged failure to adequately respond to written discovery" citing to page 3 of Trunk Archive's Motion. Order p. 2. However, page 3 of Trunk Archive's Motion merely explains the factual background of the dispute as necessary context for why Trunk Archive requested a status conference to discuss the dispositive motion proposal. *See* Dkt. #20, p.3.

Contrary to the Order's finding, Page 3 of Trunk Archive's does not contain a request for the Court to resolve the discovery dispute. Indeed, in the section of Trunk Archive's Motion

labeled "RELIEF SOUGHT" Trunk Archive specifically states that it would request a status conference because "Trunk Archive believes that it would be most efficient to litigation the 'inline link' issue on the merits rather than engaged in a protracted discovery battle." Dkt. #20, p. 4.

Second, premised on its erroneous understanding of the relief sought by Trunk Archive, the Order denied the Motion on the basis that Trunk Archive did not contact the Court to request a status conference and did not comply with the procedural rules outlined in DUCivR 37-1(a)(3)–(5), (8). Dkt. #29, p. 2 ("In light of Trunk Archive's failure to comply with the required procedures for resolution of discovery disputes, the court declines to reach the merits of the dispute."). In fact, Trunk Archive *did* call the court to discuss setting a telephonic hearing and was told by court staff to file a motion explaining the relief sought, which Trunk Archive did. Ramirez Decl. ¶¶ 2-3, Exhibit A. Furthermore, since Trunk Archive did not request relief pursuant to DUCivR 37, which is reserved for resolving discovery disputes, it was erroneous for relief to be denied based on Trunk Archive's failure to comply with the requirement of that Local Rule.

Additionally, the Order also erroneously concluded that, even despite the alleged procedural deficiencies, Trunk Archive's Motion would be untimely because it was filed after the close of discovery and the parties had not sought to extend the deadlines in the scheduling order. Dkt. #29, pp. 2-3. As previously noted, Trunk Archive's Motion was not intended to resolve the discovery dispute, but was to discuss dispositive briefing. Even still, while Trunk Archive's Motion was filed after the deadline for the parties to take further fact discovery, it was filed before the cutoff for all discovery on April 10, 2020, and well before the dispositive motions cut off date of May 1, 2020, which was the pertinent deadline to the relief sought.

Of course, had the status conference gone forward, the parties would have no doubt discussed with the Court issues such as whether the scheduling order would be affected by the proposed limited briefing. Indeed, since Trunk Archive's proposal was premised on limiting the

6

briefing to the "inline linking" issue, the Court might have been receptive to adjusting the deadlines to allow CBM to file a dispositive motion on its safe harbor claim at a later date if the "inline linking" issue was ultimately not dispositive. Furthermore, if the court were not inclined to accept Trunk Archive's proposal, the parties could have discussed directly with the Court whether it would be appropriate to adjust the schedule to allow for the discovery issue to be addressed.

Thus, Trunk Archive's Motion was denied based on clear error of factual and legal reasoning, and the Order should be reversed.

**B.     The Order Acknowledge That The District Court Judge, Not The Magistrate Judge, Had Sole Authority To Grant The Relief Requested.**

In addition to the factual and legal errors previously discussed, the Order should also be reversed because Magistrate Romero acknowledged that she lacked authority to grant the relief sought by Trunk Archive. It was therefore erroneous for the Magistrate Judge to consider a Motion in which she was not authorized to grant.

As previously noted, Trunk Archive's Motion requested that the Court hold a telephonic status hearing so that Trunk Archive could discuss with the Court its proposal for a narrow briefing on a potentially dispositive issue so that "the parties might be able to resolve some of the underlying issues through a dispositive motion in lieu of engaging in protracted discovery related litigation." Dkt. #20 p. 1. Indeed, the purpose of the status conference was to see if the parties could *avoid* the discovery issue altogether, and not to try and resolve it.

The Order noted that the matter had been referred to Magistrate Judge Romero in accordance with 18 U.S.C. § 636(b)(1)(A) meaning that she "lack[ed] the authority to resolve dispositive motions or issues" and therefore could not grant the relief sought by Trunk Archive to order briefing on a narrow issue. Dkt. #29 p. 3. Since the entire purpose of Trunk Archive's request was to discuss the potential for dispositive briefing on a narrow issue, it was clear error for the Magistrate Judge to consider Trunk Archive's Motion in the first place.

7

Additionally, while the Order notes, and Trunk Archive does not dispute, that the proper means for resolving a dispositive issue is through a Rule 56 summary judgment motion, this is besides the point. Trunk Archive did not request resolution of a dispositive issue in its Motion. Rather Trunk Archive merely requested a status conference to discuss with the Court whether it would be appropriate to limit the issues in the dispositive motion. While Trunk Archive agrees that it does not need the Court's permission to file a dispositive motion, Trunk Archive *does* need the Court's consent to narrow the issues. Indeed, the disputed discovery was primarily targeted at CBM's safe harbor claim, and therefore sought to narrow briefing in order to simultaneously allow for the case to potentially be completely disposed while avoiding the discovery issue altogether.

Finally, the Order noted CBM's contention that it would be prejudicial and inefficient to brief a singular issue rather than all issues simultaneously. Dkt. #29 p. 3. Of course, these are the exact types of issues that Trunk Archive wished to discuss with the Court at the status conference to determine the most efficient way forward in the litigation.

Because it was clearly erroneous for the Magistrate Judge to consider Trunk Archive's Motion despite not having authority to grant the relief sought, the Order should be reversed.

**C. At A Minimum The Dispositive Motion Deadline Should Be Adjusted To Accommodate For The Timing Of The Issuance Of The Order.**

Per the Court's Scheduling Order the dispositive Motions cutoff date was set for May 1, 2020. Dkt. #16. Trunk Archive's Motion was filed on March 2, 2020, well in advance of the cutoff date. Dkt. #20. During the pendency of the Motion, CBM requested a brief extension to file an Opposition, to which Trunk Archive stipulated. Dkt. #21. The Order was issued on May 4, 2020, three days after the deadline. Dkt. #29. Because Trunk Archive's Motion specifically sought relief related to dispositive motions, and because of the ambiguity of whether the requested relief would be granted due to the pendency of Trunk Archive's Motion at the time of the deadline, Trunk Archive would respectfully request that the dispositive motions deadline be extended regardless of the outcome of the instant Objection.

## IV.     CONCLUSION

In Conclusion, Trunk Archive respectfully requests that the May 4, Order from Magistrate Judge Romero be reversed, that the parties be allowed to hold a telephonic status hearing with the Court, and that the dispositive motions deadline be extended.

Dated: May 18, 2020                                                          Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8336
mhigbee@higbeeassociates.com
*Attorneys for Defendant/Counterclaim Plaintiff Trunk Archive*

## PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On May 18, 2020, I caused to be served the foregoing documents:

**OBJECTION TO MAY 4 ORDER DENYING MOTION FOR STATUS CONFERENCE; DECLARATION OF MATHEW K. HIGBEE; DECLARATION OF DIANA RAMIREZ; [PROPOSED] ORDER**

X    I hereby certify that I served a copy of the above reference document by Electronic Mail to the following individuals:

    Robert Aycock
    RAycock@pamhlaw.com

    William Chadwick
    WChadwick@pamhlaw.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 18, 2020, at Santa Ana, California.

                              */s/ Mathew K. Higbee*
                              Mathew K. Higbee