Robert E. Aycock (#8878)
William B. Chadwick (#16416)
**PIA ANDERSON MOSS HOYT, LLC**
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
Phone: (801) 350-9000
raycock@pamhlaw.com
wchadwick@pamhlaw.com

*Attorneys for Plaintiff ComicBookMovie.com*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEST LITTLE SITES, LLC, a Utah limited liability company, d/b/a COMICBOOKMOVIE.COM<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>GREAT BOWERY, INC., d/b/a TRUNK ARCHIVE,<br><br>Defendant and Counterclaim Plaintiff. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE ORDER**<br><br>Case No. 2:19-CV-00319<br><br>Judge: Judge David D. Barlow |

Plaintiff and Counterclaim Defendant Best Little Sites, LLC, d/b/a Comicbookmovie.com ("*CBM*") hereby responds to the Objection to May 4 Order Denying Motion for Status Conference ("*Objection*", Dkt. 31) filed by Defendant and Counterclaim Plaintiff Great Bowery, Inc., d/b/a Trunk Archive ("*Trunk Archive*").

### I.     INTRODUCTION

Trunk Archive has failed to pursue its case diligently and while repeatedly ignoring the Federal Rules of Civil Procedure, the Utah Local Civil Rules, and this Court's Practices and Procedures. Because of this, Trunk Archive now faces trial without having conducted discovery and without having filed a dispositive motion. Trunk Archive's actions indicate that resolving this case on the merits was never its priority. Rather, Trunk Archive filed counterclaims hoping to obtain a ruling from the District of Utah that contradicts established precedent that inline linking to a copyrighted image does not constitute copyright infringement that it could then use to leverage settlements from other potential parties. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159-60 (9th Cir. 2007). For this reason, Trunk Archive has petitioned the Court to allow it to discuss submitting a motion for summary judgment on the inline linking issue while prohibiting CBM from raising a DMCA safe harbor defense in response.[1]

Trunk Archive's Motion for Telephonic Status Conference ("*Motion*," Dkt. 20) and subsequent Objection are unnecessary because the relief that Trunk Archive seeks (namely, the

---

[1] Although the Objection is limited to Trunk Archive's issues with the Magistrate Judge's decision not to schedule an additional status conference, it is worth nothing that the briefing proposal that Trunk Archive wished to discuss in the status conference would have been prejudicial without promoting resolution of the case. Trunk Archive's proposal of briefing only whether inline linking issue constituted copyright infringement would deny CBM the opportunity to raise its DMCA safe harbor defense at the summary judgment stage. Even if Trunk Archive were able to create new precedent within the 10th Circuit as to inline linking, the parties would still need to address CBM's DMCA safe harbor defense at trial. Trunk Archive's piecemeal approach to summary judgment would unnecessarily duplicate the proceedings.

ability to seek discovery and to brief a potentially dispositive issue) have been available to it throughout the litigation. For example, Trunk Archive could have:

- Filed an early motion to dismiss or motion for judgment on the pleadings as to whether inline linking constituted copyright infringement. Instead, it chose to answer CBM's declaratory judgment complaint and file a counterclaim. Dkt. 7.

- Served discovery requests at any point while discovery was open. Instead, it waited until after the ordered cut-off on the last day to send its only set of discovery requests.

- Disputed CBM's objections to the untimely discovery while discovery was still open. Instead, Trunk Archive waited until well after the close of discovery to even meet and confer and failed to file a proper motion for discovery relief.

- Moved for summary judgment on just the inline linking issue before the dispositive motion deadline. Instead, Trunk Archive failed to file a motion and submitted an unconventional request for a status conference to discuss artificially limiting the defenses CBM could raise in response to a motion for summary judgment.

- Requested an extension to file a dispositive motion while its request for status conference was pending but before the deadline passed. Instead, Trunk Archive did nothing until several weeks after the deadline and then impermissibly requested an extension as part of its Objection to the Magistrate Judge's Order.

After failing to take advantage of these opportunities, Trunk Archive, through its Objection, is asking for a do-over at the expense of the Court and CBM. Trunk Archive's Objection is premised on the assumption that it is entitled to a status conference merely because it wants one. On the contrary, the Magistrate Judge has the authority to control its schedule, including whether it chooses to entertain an additional status conference. *See* DUCivR 72-2(a)(5)-(6). Regardless of

the stated reasons for denying the request, the Magistrate Judge is not required to hold an "Informal Status Conference" to discuss potential case management alternatives as requested by Trunk Archive. Motion at 1. This is especially true when the Rules and agreed-to Scheduling Order provided numerous opportunities for Trunk Archive to efficiently and timely address its issue. Even so, the Magistrate Judge's reasoning, as explained herein, is sound and should not be overturned.

**II.     ARGUMENT**

    A.    <u>Trunk Archive's request for discovery relief was properly denied because Trunk Archive failed to comply with DUCivR 37, and Trunk Archive's request for a conference to discuss modified briefing was properly denied on separate grounds.</u>

Trunk Archive argues that its Motion was denied because the Magistrate Judge incorrectly interpreted the Motion as requesting resolution of a discovery dispute and denied the entirety of the Motion on that assumption. This argument misconstrues the Magistrate Judge's Order Denying Motion for Status Conference ("*Order*," Dkt. 29) and contradicts Trunk Archive's previous arguments. First, the Magistrate Judge was justified to assume that Trunk Archive's Motion requested resolution of a discovery dispute. More importantly, once the Magistrate Judge declined to resolve the discovery dispute, it addressed and denied on separate grounds the second portion of Trunk Archive's Motion— the request for a conference to discuss briefing whether inline linking constitutes copyright infringement without consideration of CBM's DMCA safe harbor defense.

It was not improper for the Magistrate Judge to interpret Trunk Archive's Motion as seeking resolution of a discovery issue, among other things. The first sentence of Trunk Archive's Motion states that it requests "an Informal Status Conference in order **to discuss with the Court a discovery related issue** . . ." Motion at 2 (emphasis added). Trunk Archive then spent the majority of its Motion relaying information related to an alleged discovery dispute. Trunk Archive concluded its Motion asking for a telephonic status conference "to discuss the most efficient way to move the case forward" to avoid "**a protracted discovery battle** . . ." Motion at 3 (emphasis added). The

3

Order appropriately noted Trunk Archive's failure to comply with the Rules related to the resolution of a discovery issue and denied Trunk Archive's request to resolve a discovery dispute through an informal status conference. Order at 2-3. Now, Trunk Archive claims that it did not originally request a resolution of a discovery dispute in its Motion. If that is the case, then the Magistrate Judge's decision to not reach the merits of a discovery dispute is immaterial because Trunk Archive did not raise one.

The Magistrate Judge's decision to not schedule a conference to hear the discovery issue was independent of its decision to deny Trunk Archive's request to discuss briefing on the inline linking issue. When the Order stated, "[i]n light of Trunk Archive's failure to comply with the required procedures for resolution **of discovery disputes**, the court declines to reach the merits **of the dispute**," its decision was limited to the discovery dispute. Order at 2 (emphasis added). Indeed, in the next paragraph, the Order discussed the substance of the request for a conference to discuss modifying the dispositive briefing and denied it because (1) even if a status conference was granted, it was unclear whether the Magistrate Judge could entertain or authorize Trunk Archive's unusual briefing proposal on a potentially dispositive issue, (2) Trunk Archive already had the ability to brief the inline linking issue under a Fed. R. Civ. P. 56, and (3) Trunk Archive already had the ability to move for modification of the briefing schedule under Fed. R. Civ. P. 16(b)(4) and 6(b). Order at 3. These reasons for denying the Motion are unrelated to Trunk Archive's failure to comply with Utah Local Rule DUCivR 37. Trunk Archive has not established any error in the Magistrate Judge's decision to deny its request for a status conference. Moreover, Trunk Archive's description of how its requested conference might hypothetically have played out does nothing to establish that the Order "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

      B.      <u>The Magistrate Judge had authority to deny Trunk Archive's request for a status conference.</u>

The Magistrate Judge was well within her authority to rule on whether she wanted to entertain a status conference to discuss Trunk Archive's briefing proposal. It is undisputed that the Magistrate Judge has authority to conduct all pretrial proceedings contemplated by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* DUCivR 72-2(a)(6). "[M]agistrate judges are authorized to hear and determine any procedural motion, discovery motion, or other non-dispositive motion." DUCivR 72-2(b); *see also* Fed. R. Civ. P. 72(b). Trunk Archive also expressly consented to the Magistrate Judge's authority in this case. Dkt. 13.

Importantly, the Magistrate Judge did not state that she lacked authority to enter the Order. She only noted the uncontested fact that because the case was referred to her under 18 U.S.C. § 636(b)(1)(A), she lacked the authority to resolve dispositive motions or issues. Of course, a Motion for Telephonic Status Conference is not a dispositive motion, and as such, it fell squarely within the Magistrate Judge's authority to consider and deny.

Trunk Archive argues that the Order was "clearly erroneous" and should be reversed because the Magistrate Judge considered the Motion despite not having authority to grant the relief sought. This argument is without merit. If there truly were a request beyond the Magistrate Judge's authority to grant, <u>it was Trunk Archive that submitted the request to the Magistrate Judge</u>. Put another way, Trunk Archive cannot claim that it was error for the Magistrate Judge to consider the Motion when, by filing its non-dispositive Motion, Trunk Archive specifically requested that the Magistrate Judge consider it.

Had Trunk Archive wanted to raise an issue directly to the District Court, "the proper means for resolving a dispositive issue, such as the 'inline linking' issue, is through a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56" before the deadline. Order at 3. Trunk

5

Archive concedes the same: "Trunk Archive does not dispute [] that the proper means for resolving a dispositive issue is through a Rule 56 summary judgment motion." Objection at 7. Trunk Archive argues, however, that it "*does* need the Court's consent to narrow the issues." *Id.* (emphasis in original). Trunk Archive provides no authority for this position, and CBM is not aware of any authority that would have required Trunk Archive to receive Court approval before filing a summary judgment motion on only the inline linking issue. In fact, Fed. R. Civ. P. 56(a) expressly permits motions for summary judgment that identify "each claim or defense—**or the part of each claim or defense**—on which summary judgment is sought." (emphasis added).

The Order also explains, "the appropriate procedure for changing the deadlines for discovery and dispositive motions is through a motion to amend the scheduling order pursuant to Federal Rules of Civil Procedure 16(b)(4) and 6(b)." Order at 3. Instead of seeking relief through these avenues provided by the Rules, Trunk Archive requested an "Informal Status Conference" "to discuss the most efficient way to move the case forward." Motion at 1, 4. The Magistrate Judge was well within her authority and discretion to deny this request and to hold to the Scheduling Order agreed-to by Trunk Archive.

  C. <u>Trunk Archive's request for an extension of the dispositive motion deadline is improper and should be denied.</u>

Trunk Archive's request for an extension to the deadline to file a dispositive motion is inappropriate, procedurally improper, and should be denied. If Trunk Archive wanted to file a dispositive motion, it was required to do so by May 1, 2020. *See* Scheduling Order, Dkt. 16, at 3. Nothing prevented Trunk Archive from filing a summary judgment motion on or before May 1st, and no material facts have changed in the meantime—Trunk Archive simply missed its deadline. Weeks after the deadline for dispositive motions passed, Trunk Archive submitted a request to extend the deadline. To modify a deadline that has already passed, Trunk Archive must establish that it failed to

comply with the established deadline because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether the neglect is "excusable":

> the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Stringfellow v. Brown,* No. 95–7145, 1997 WL 8856, at *1 (10th Cir. Jan.10, 1997) (unpublished) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 395 (1993)). "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable.'" *Id.* (quoting *City of Chanute v. Williams Nat. Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994)). Trunk Archive does not attempt to explain how its neglect is excusable. There is no question that Trunk Archive was aware of the deadline because it helped draft and stipulated to the governing Scheduling Order. *See* Attorney Planning Meeting Report, Dkt. 6. It just chose to ignore it (either intentionally or negligently) and cannot identify any intervening circumstances out of its control that prevented it from complying with the deadline.

Trunk Archive's only justification for failing to file a dispositive motion or an extension by the deadline is that it had a pending request for an non-typical status conference to discuss how dispositive motions would be briefed, and it did not want to file a dispositive motion or ask for an extension until its request had been resolved. This is not excusable neglect. If Trunk Archive believed there was "ambiguity" regarding the dispositive motion briefing as it now claims, it could have filed its motion for summary judgment or moved for an extension on dispositive motions until its request had been resolved. Additionally, if Trunk Archive did not ask for an extension earlier because it was waiting for resolution of its request for a conference, how does it explain its current request for an extension when its request is still unresolved pending the Objection? The biggest problem with Trunk Archive's

7

reasoning, however, is that it now requests an extension "regardless of the outcome of the instant Objection." Objection at 8. In other words, Trunk Archive's failure to file a dispositive motion or extension is not tied to its request for a status conference at all and could and should have been made before the deadline passed.

Beyond this, Trunk Archive's request for an extension does not comply with Utah Local Rules. Trunk Archive's request for relief should have been filed as a motion, and not as an objection to a Magistrate Order. *See* DUCivR 7-1(a); *see also* Fed. R. Civ. P. 72(a) (limiting objections to Magistrate Orders to defects or errors in the order). Under DUCivR 7-1(a)(2), Trunk Archive was also required to submit a proposed order with a request for an extension. Additionally, if Trunk Archive had properly made its request, CBM would have been able to be heard on the issue. As it stands, there will be no hearing on the objection. DUCivR 72-3(b).

Trunk Archive has not provided any excusable neglect or even good cause for why the deadline for dispositive motions should now be extended, weeks after the deadline passed, and its request should be denied.[2]

### III.   CONCLUSION

Trunk Archive has failed to identify any part of the Order that is clearly erroneous or contrary to law. As such, its Objection should be denied, and this case should move toward trial.

---

[2] As stated in CBM's Opposition to the Motion ("***Opposition***," Dkt. 26, incorporated herein by reference), there were procedural deficiencies with Trunk Archive's Motion that could also explain why it was denied beyond the issues raised in the Objection. Although a telephonic conference is certainly appropriate given the Court's recent orders regarding the COVID-19 pandemic, CBM notes that there was no such guidance in place when Trunk Archive filed the instant motion. This Court's Practices & Procedures Rule 2.C requires that "[a]ll counsel and all witnesses must appear in person unless approved by the court in advance for good cause shown." Trunk Archive's Motion did not provide any reason or good cause for why it should be excused from appearing in person as required. Further, in violation of this Court's Practices & Procedures Rule 3, Trunk Archive did not submit a proposed order in connection with its Motion.

Dated this 1st day of June 2020.

                                                                                                                                                   PIA ANDERSON MOSS HOYT

                                                                                                         */s/ Robert E. Aycock*
                                                                                                          Robert E. Aycock
                                                                                                          William B. Chadwick

                                                                                    *Attorneys for Plaintiff ComicBookMovie.com*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, I caused a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE ORDER** to be filed via the Court's CM/ECF system which directed service by email on all counsel of record.

*/s/ Hilda Echegaray*