Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8336
mhigbee@higbeeassociates.com
*Attorneys for Defendant/Counterclaim Plaintiff Trunk Archive*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| BEST LITTLE SITES, d/b/a COMICBOOKMOVIE.COM, <br><br> Plaintiff, <br><br><br> v. <br><br><br> GREAT BOWERY, d/b/a TRUNK ARCHIVE, <br><br> Defendant. | **DEFENDANT AND COUNTERCLAIM PLAITNIFF'S REPLY IN SUPPORT OF OBJECTION TO MAY 4 ORDER DENYING MOTION FOR STATUS CONFERENCE** <br><br> Case No. 2:19-cv-00319 <br><br><br> Judge David D. Barlow |
| GREAT BOWERY, d/b/a TRUNK ARCHIVE, <br><br><br> Counterclaim Plaintiff, <br><br> v. <br><br><br> BEST LITTLE SITES, d/b/a COMICBOOKMOVIE.COM, and DOES 1 through 10, inclusive <br><br> Counterclaim Defendants. | |

1

Defendant and Counterclaim Plaintiff Great Bowery, Inc., d/b/a Trunk Archive ("Trunk Archive") by and through counsel, hereby submits this Reply in support of its Objection to the Magistrate Judge's Order entered May 4, 2020 (hereinafter "Order") denying Trunk Archive's request to hold a telephonic status conference to discuss with the Court and Plaintiff and Counterclaim Defendant Best Little Sites d/b/a ComicBookMovie.com ("CBM") whether it would be appropriate to allow the parties to engage in narrow briefing on a potentially dispositive singular issue in the case.

## I.      CBM'S DISCOVERY ARGUMENT IS A RED HERRING

CBM's first argument regarding the denial of supposed "discovery relief" is simply a red herring because, as Trunk Archive explained in its original Motion and in its Objection, the purpose of the requested telephonic status conference was to discuss dispositive motion practice and not to resolve the underlying discovery issue.

While it is true that Trunk Archive discussed the discovery dispute in its original Motion, this was to provide necessary context to the Court so that the Court could better understand why Trunk Archive believed the narrowing of the issues for summary judgment would be the most efficient use of the parties and the Court's time. That way, if the Court were inclined to hold the telephonic status conference, it would have a necessary understanding of the underlying discovery issue, which certainly would have been discussed, even if a formal resolution to he discovery issue was not expressly being sought.

The Opposition deceitfully misquotes a portion of the introduction Trunk Archives original Motion in order to try and incorrectly frame the relief sought by Trunk Archive. When viewed in true context, however, it is clear that Trunk Archive was requesting to discuss narrowing the issues for a dispositive motion and not to resolve the underlying discovery dispute:

> [Trunk Archive] hereby submits this Motion requesting an Informal Status Conference in order to discuss with the Court a discovery related issue that has arisen between the parties **and whether the parties might be able to resolve some of the underlying issues**

***through a dispositive motion*** in lieu of engaging in protracted discovery related litigation.

Dkt.# 20 (emphasis added).

Indeed, Trunk Archive's original motion never invoked any discovery related statute or local rule, and never requested that the underlying discovery matter be resolved through a telephonic hearing. It was clear error for Judge Romero to construe Trunk Archive's original Motion as requesting discovery relief and denying Trunk Archive relief on the basis that it did not comply with various procedural provisions of DUCivR 37.

CBM lists a series of actions that it contends Trunk Archive "could have" taken, most of which have nothing to do with the relief sought by Trunk Archive in its Motion and this Objection. For example, Trunk Archive could not have filed a motion to dismiss or for judgment on the pleadings because, as CBM acknowledges, it raised a DMCA safe harbor defense, which Trunk Archive could not litigate on the pleadings. Regardless, this has nothing to do with the relief sought by Trunk Archive in its Motion.

It should also be noted that while CBM tries to frame Trunk Archive's discovery efforts as lacking diligence, Trunk Archive served its discovery requests only a few hours after CBM served its requests on Trunk Archive, to which Trunk Archive provided complete responses while CBM provided nothing at all. In addition, Trunk Archive made substantial efforts to meet and confer and with counsel, however CBM's counsel stated that he was "out of the country with limited access to phone/email" which prolonged the meet and confer process by nearly three additional weeks. *See* Dkt. 31-2, p. 2. Regardless, Trunk Archive did not request discovery relief in its Motion[1].

Therefore, Trunk Archive respectfully requests that the May 4, 2020 Order be reversed and that Trunk Archive be granted its request for a telephonic status conference.

## II.   THE ORDER ACKNOWLEGES THAT THE MAGISTRATE JUDGE LACKED AUTHORITY TO GRANT THE REQUESTED RELIEF

---

[1] Trunk Archive addresses CBM's contention regarding whether it should have filed a dispositive motion or requested an extension in Section III, *infra*.

3

CBM next contends that Magistrate Judge Romero was "well within" her authority to determine whether a status conference on briefing for a dispositive motion was appropriate. CBM also erroneously contends that Trunk Archive "expressly consented to the Magistrate Judge's authority in this case" however, Trunk Archive expressly *did not* consent to a Magistrate Judge to conduct all proceedings and the Court expressly reassigned the case to a District Judge. *See* Dkt. #14.

Regardless, as the Order clearly states:

"The court notes that this matter is referred to the undersigned in accordance with 18 U.S.C. § 636(b)(1)(A) (ECF 18), meaning that **the undersigned lacks the authority to resolve dispositive motions or issues**."

Dkt. #29. In other words, Magistrate Judge Romero believed that by holding a status conference to discuss narrowing the issues for dispositive motions, she would have been acting outside of her statutory authority. Rather, Magistrate Judge Romero opined that filing a motion was "the proper means for resolving dispositive issue," but did not discuss the propriety of whether the issues ought to be narrowed. While Trunk Archive does not dispute the method for resolving dispositive issues, the relief sought was not to resolve the underlying dispositive issue, but rather to discuss narrowing the underlying issue to be resolved.

CBM also contends that Trunk Archive "submitted the request to the magistrate judge" and so it could not be error for the magistrate judge to deny the motion. This is also not true. As set forth in detail in Trunk Archive's Objection, Trunk Archive contacted chambers to inquire as to the proper way to file the request and was specifically told that after the request was filed the "court would determine whether it was appropriate for the District Judge or Magistrate Judge to consider." Dkt. #31-3. It is unclear why Magistrate Judge Romero considered the Motion, however Trunk Archive believes it was error for her to do so and has thus filed this Objection.

CBM repeatedly tries to frame Trunk Archives request as "seeking permission" to file a dispositive motion, which it most certainly was not. The purpose of the status conference was not to seek permission to file, but rather to discuss with the court the *narrowing* of the issues so that

the parties and the Court could be on the same page in terms of the purpose and scope of the briefing. As Trunk Archive acknowledged in its original Motion, the vast majority of the discovery sought from CBM related to CBM's DMCA safe harbor defense, which the parties seem to agree, is a fact intensive inquiry. In light of the fact that CBM provided no responses to Trunk Archive's discovery requests, rather than seeking deadline extensions and engaging in discovery related motion practice to compel responses, and give the fact that the "inline link" issue could potentially dispose of the case, Trunk Archive wished to discuss narrowing the dispositive motions to just the "inline link" issue, which would avoid the inequity of having to potentially face a summary judgment motion on the DMCA issue where no discovery had been provided by CBM.

Regardless, it is clear by the Order's own language that Magistrate Judge Romero lacked authority to grant the relief sought by Trunk Archive, and therefore it was clear error for Trunk Archive's Motion to be denied. Therefore, Trunk Archive respectfully requests that the May 4, 2020 Order be reversed and that Trunk Archive be granted its request for a telephonic status conference.

## III.    THE COURT SHOULD EXTEND THE DISPOSITIVE MOTIONS DEADLINE

Finally, CBM argues that the dispositive motions deadline should not be extended because, according to CBM, Trunk Archive "simply missed the deadline." That assertion is not correct. Months before the deadline, Trunk Archive filed its original Motion, the outcome of which would have affected the scope of dispositive motion practice either way. CBM requested, and was granted by Trunk Archive, and extension to file its opposition, which further delayed the adjudication of the Motion. Trunk Archive's Motion was untimely denied three days after the dispositive motions deadline had passed.

The granting or denial of Trunk Archive's Motion would have affected the scope the dispositive motion to be filed, and possibly would have affected whether Trunk Archive would have even filed a dispositive motion or sought another avenue for relief, such as addressing the

discovery issues directly or requesting the deadlines be extended. It was impossible to know how the Court would rules on the Motion before the Order was issued. It would have been self defeating for Trunk Archive to file a dispositive motion before knowing whether the Court was going to hold the requested status conference and potentially affect the scope of the issues to be litigated. The ambiguity caused by the pendency of the Motion, as well as this Objection, necessitates that the dispositive motions deadline be extended.

Therefore, if the Court is not inclined to reverse the May 4, 2020 Order, Trunk Archive would request that the dispositive motions deadline be extended.

## IV.   CONCLUSION

In Conclusion, Trunk Archive respectfully requests that the May 4, Order from Magistrate Judge Romero be reversed, that the parties be allowed to hold a telephonic status hearing with the Court, and that the dispositive motions deadline be extended.


Dated: June 8, 2020                                     Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, SBN 11133
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92705
(714) 617-8336
mhigbee@higbeeassociates.com
*Attorneys for Defendant/Counterclaim*
*Plaintiff Trunk Archive*

## <u>PROOF OF SERVICE</u>

I, the undersigned, say:

I am a citizen of the United States. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On June 8, 2020, I caused to be served the foregoing documents:

**DEFENDANT AND COUNTERCLAIM PLAITNIFF'S REPLY IN SUPPORT OF OBJECTION TO MAY 4 ORDER DENYING MOTION FOR STATUS CONFERENCE**

X         I hereby certify that I served a copy of the above reference document by Electronic Mail to the following individuals:

> Robert Aycock
> RAycock@pamhlaw.com

> William Chadwick
> WChadwick@pamhlaw.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on June 8, 2020, at Santa Ana, California.

*/s/ Ryan E. Carreon*
Ryan E. Carreon