IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BEST LITTLE SITES, dba COMICBOOKMOVIE.COM,<br><br>　　Plaintiff<br><br>v.<br><br>GREAT BOWERY, dba TRUNK ARCHIVE,<br><br>　　Defendant. | **ORDER AFFIRMING MAGISTRATE DECISION**<br><br>Case No. 2:19-cv-319-DBB-CMR<br><br>District Judge David Barlow |

　　Before the court is Defendant and Counterclaim Plaintiff Trunk Archive's (Trunk) Objection to the Magistrate Judge's Order Denying Motion for Status Conference.[1] Having reviewed the briefing, the underlying motion, and the challenged decision, the court affirms the order.

　　On March 2, 2020, Trunk filed a Motion for a Telephonic Status Conference.[2] When briefing was complete, Judge Romero reviewed the motion.[3] Judge Romero denied the motion for a number of reasons, including: (1) Trunk did not contact chambers; (2) the motion was deficient because it did not comply with the 500-word limit, did not include the required meet-and-confer certification, and was supported by a reply brief for which movant was not given leave; (3) the motion was untimely because it came one month after the close of discovery; and

---

[1] ECF No. 31. The challenged order is ECF No. 29.

[2] ECF No. 20.

[3] ECF No. 29.

(4) the appropriate vehicle for seeking a change to discovery and dispositive motion deadlines is through a motion to amend the scheduling order.[4]

Judges have discretion over whether to grant a party's request for a status conference.[5] District courts modify or set aside a Magistrate Judge's order only if it is contrary to law or clearly erroneous.[6] Here, Trunk has cited no applicable law contrary to the Magistrate Judge's decision. Trunk argues that Judge Romero's order is clearly erroneous, but it is well-reasoned. Trunk contends that Judge Romero mistakenly found that Trunk failed to contact chambers to resolve a discovery dispute, when they claim they actually did. Assuming that is correct, this finding does not affect the second, third, and fourth bases which Judge Romero provided for denying the request for a status conference: the motion was deficient in multiple ways; the motion was untimely; and the motion was the wrong vehicle for the relief sought.

Trunk also argues that Judge Romero misconstrued the basis for his motion for status conference. The motion requests an "Informal Status Conference in order to discuss with the Court a discovery related issue and whether the parties might be able to resolve some of the underlying issues through a dispositive motion . . . ."[7] In the relief sought, Trunk further says there is a "dispute about [Comicbookmovie.com's] discovery responses," and that Trunk had a "most efficient" proposal for resolving the issue.[8] Judge Romero considered the motion briefing and, using her discretion, determined that a status conference was not warranted. Her order notes

---

[4] *Id.*

[5] Fed. R. Civ. P. 16(a) ("In any action, *the court may* order the attorneys and any unrepresented parties to appear for one or more pretrial conferences." (emphasis added)).

[6] *Id.* R. 72(a) (considering an objection to a magistrate judge's decision, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law").

[7] ECF No. 20 at 2.

[8] *Id.* at 4.

that Trunk sought a status conference "for the purposes of discussing a discovery dispute and resolution of a dispositive issue" that would "promote efficient resolution of this case."[9] This appropriately summarizes the issues raised by the Motion and does not misconstrue it. Parties cannot compel a judge to hold a status conference, at least not under circumstances like these. Judge Romero's order was well within her discretion and was not clearly erroneous or contrary to law. Accordingly, it is affirmed.

Trunk also requests an extension to the dispositive motion deadline, which expired on May 1, 2020. The court makes no ruling on an extension of case deadlines, which should be addressed in a motion. If any party believes good cause exists and wishes to so move, they have leave to do so before Judge Romero 14 days from the date of this Order.[10]

Signed June 26, 2020.

BY THE COURT

_____
David Barlow
United States District Judge

---

[9] ECF No. 29 at 1.

[10] Fed. R. Civ. P. 16(b)(4); *see Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (observing that modification of a scheduling order "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts").