IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BEST LITTLE SITES,<br>dba, ComicBookMovie.com,<br><br>　　　Plaintiff and Counterclaim Defendant,<br>v.<br><br>GREAT BOWERY,<br>dba Trunk Archive,<br><br>　　　Defendant and Counterclaim Plaintiff. | ORDER DENYING [40] MOTION TO MODIFY SCHEDULING ORDER<br><br><br>Case No. 2:19-cv-00319-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) (ECF 15). Before the court is Defendant/Counterclaim Plaintiff Great Bowery, dba Trunk Archive's (Trunk Archive) Motion to Modify the Scheduling Order (ECF 40) (the Motion). Plaintiff/Counterclaim Defendant Best Little Sites, dba ComicBookMovie.com (CBM) opposes this request (ECF 48). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motion on the basis of written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the court will DENY the Motion.

## I.　　BACKGROUND

On August 1, 2019, the court entered a Scheduling Order (ECF 16) in this case setting forth deadlines that have never been modified or amended. The deadline to serve written discovery was on December 6, 2019 (ECF 16). On that date, Trunk Archive served its first set of discovery requests on CBM. The deadline for fact discovery was on January 17, 2020 (ECF 16). Ten days before that deadline, Trunk Archive began efforts to meet and confer with CBM regarding their discovery responses, and continued those efforts for nearly two months after the

deadline (ECF 48 ¶¶ 10–19). At no point before or during these discussions did Trunk Archive file a discovery motion or request an extension of the fact discovery deadline.

On March 2, 2020, Trunk Archive filed a motion for a status conference to discuss a discovery dispute and the briefing of a dispositive issue (ECF 20). On May 4, 2020, the undersigned issued an Order denying Trunk Archive's request as untimely and procedurally improper (ECF 29). The deadline for dispositive motions was three days earlier on May 1, 2020 (ECF 16). Trunk Archive neither filed a dispositive motion nor requested an extension prior to the expiration of the dispositive motion deadline. Trunk Archive timely filed an objection to the May 4, 2020 Order (ECF 31), and on June 8, 2020, filed a reply memorandum in which it requested an extension of the dispositive motion deadline (ECF 35). On June 26, 2020, Judge Barlow issued an Order overruling the objection and denying this request as procedurally improper (ECF 36).

Almost six months after the close of fact discovery and two months after the dispositive motion deadline, on July 10, 2020, Trunk Archive filed the instant Motion requesting modification of the scheduling order for the first time (ECF 40). Trunk Archive requests a 14-day extension of the fact discovery deadline to file a discovery motion and a 60-day extension of the dispositive motion deadline (ECF 40 at 2). CBM opposes this request on the grounds that Trunk Archive has failed to show good cause for an extension of these deadlines or excusable neglect for failing to make this request prior to their expiration (ECF 48 at 1). In response, Trunk Archive argues that the excusable neglect standard is inapplicable and that it has met the requisite standards (ECF 49 at 3).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Gallacher v. Falenla.com*, No. 2:18-cv-00945-DB-JCB, 2020 WL 4904081, at *2 (D. Utah Aug. 20, 2020) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

However, because the deadlines at issue already passed, Truck Archive also must establish that it failed to comply with the deadlines because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Scheduling Order in this case states that "[t]he times and deadlines set forth may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6" (ECF 16 at 1). Federal Rule of Civil Procedure 6(b)(1)(A) provides that the good cause standard is applicable to a motion to extend time "if a request is made[] before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). However, where, as here, the motion to extend time is "made after the time has expired," the moving party must show it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Trunk Archive's argument that the excusable neglect standard is inapplicable is therefore without merit.

> In determining whether the movant has demonstrated excusable neglect,
>
> the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. Jan. 10, 1997) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable.'" *Id.* (omissions in original) (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). "Moreover, ignorance of the rules and mistakes construing the rules generally do not constitute excusable neglect." *Paterson v. SK5 Wolverine Crossing, LLC*, No. 2:16-cv-1264-TS, 2018 WL 2023545, at *3 (D. Utah May 1, 2018) (citing *Pioneer Inv. Servs Co.*, 507 U.S. at 391–92).

### III. DISCUSSION

#### A. Trunk Archive has failed to demonstrate good cause for modification of the Scheduling Order.

Trunk Archive argues that it has demonstrated good cause for an extension of the discovery deadline because it was diligent in attempting to meet and confer with CBM regarding discovery responses (ECF 40 at 6). Trunk Archive further argues that the repeated delays with scheduling these discussions were "primarily due to the unavailability of CBM's counsel" because of a severe winter storm, CBM's principal getting married, and CBM's counsel travelling out of the country (ECF 40 at 6–7; ECF 49 at 4).

With respect to the dispositive motion deadline, Trunk Archive argues that it has shown good cause for an extension because it was diligent in making a proposal to CBM's counsel to brief a dispositive issue and in asking for "dispositive motion related relief months before the deadline" and on the same day CBM rejected that proposal (ECF 49 at 3). Trunk Archive also argues that delays with resolution of its Motion for Status Conference due to CBM's request for an extension to file an opposition and the court's consideration of this motion were not within its control (*Id.*).

The court finds that Trunk Archive has failed to show good cause for extension of either the fact discovery deadline or the dispositive motion deadline. Trunk Archive's diligence arguments with respect to both deadlines suffer from the same fatal flaw. Attempts to meet and confer regarding the discovery dispute and to discuss proposals to brief a dispositive issue may show diligence in attempting to reach an informal resolution of these issues. However, these efforts have no bearing on the relevant issue of whether Trunk Archive has been "diligent in attempting to meet the deadlines" for resolution of these issues by the court. *See Minter*, 451 F.3d at 1205 n.4. Trunk Archive has offered no explanation for the significant delay of almost six months after the close of fact discovery and two months after the dispositive motion deadline in requesting an extension of these court-ordered deadlines.

Regarding the fact discovery deadline, Trunk Archive's meet and confer efforts began before expiration of the fact discovery deadline on January 17, 2020, yet Trunk Archive failed to request an extension of this deadline until filing the instant Motion nearly six months later on July 10, 2020. CBM represents that while the parties were discussing these issues, Truck Archive never requested an extension of time on any deadline from CBM (ECF 48 ¶¶ 13, 21). It is one thing to be pursuing discussions to resolve the issues but another to disregard the court-ordered deadlines and not even discuss those deadlines or the need for an extension with opposing counsel. Regardless, nothing would have prevented Trunk Archive from filing a simple motion for extension of the fact discovery deadline while meet and confer efforts continued. Because this appears to be a case of mere "carelessness" on the part of Trunk Archive, the court finds no basis to grant an extension of the fact discovery deadline. *See Gallacher*, 2020 WL 4904081, at *2.

The court acknowledges that Trunk Archive filed its Motion for Status Conference to discuss resolution of a dispositive issue on March 2, 2020, two months prior to the expiration of the dispositive motion deadline on May 1, 2020.  Relying on a District of New Mexico case, Trunk Archive argues that the good cause standard does not require it to be "clairvoyant" or "predict how a court will rule on a pending motion" (ECF 49 at 3 (Quoting *Abraham v. WPX Energy Prod.*, LLC, 322 F.R.D. 592, 640 (D.N.M. 2017)).  The court finds the *Abraham* case to be inapposite because the key issue was whether the moving party was entitled to amend its complaint after the deadline in light of the court's ruling on a substantive issue affecting its claims.  Here, unlike the *Abraham* case, the court's ruling on the Motion for Status Conference had little to no bearing on Trunk Archive's ability or need to request an extension of the dispositive motion deadline.  Even if Trunk Archive did believe that the ruling on the Motion for Status Conference would affect the dispositive motion deadline, nothing prevented Trunk Archive from filing a motion to extend this deadline pending resolution of that motion.  Moreover, any such belief is belied by Trunk Archive's failure to formally request an extension of the dispositive motion deadline until two months after the court's ruling.  The court therefore does not find good cause for an extension of the dispositive motion deadline.

### B. Trunk Archive has failed to demonstrate excusable neglect for failing to make a timely request to modify the Scheduling Order.

Trunk Archive failed to explicitly address the excusable neglect standard in its Motion, but, as explained above, it did explain reasons for the delay and address its control over the delay.  Though denying the applicability of the excusable neglect standard, Trunk Archive argued in its Reply that it has met this standard because: (1) its efforts to meet and confer with CBM show good faith; (2) it was reasonable to avoid filing additional motions while its Motion

6

for Status Conference was pending; and (3) CBM would not be prejudiced if the deadlines are extended given that COVID-19 will delay trial regardless (ECF 49 at 3–6).

The court finds that Trunk Archive has failed to demonstrate excusable neglect for its failure to request an extension of the discovery and dispositive motion deadlines.  While the court acknowledges that Trunk Archive acted in good faith—albeit misguidedly—and the danger of prejudice to CBM is slight given the short extensions requested and trial is likely to be delayed, the remaining two factors weigh heavily against Trunk Archive.  As explained above, the length of the delay is significant and would further disrupt the efficient movement of this matter.  The requested extension is six months late for the discovery deadline and two months late for the dispositive motion deadline.  Trunk Archive's primary reason for the delay was its mistaken belief that pursuing informal resolution of these issues and filing a motion for a status conference would automatically toll the deadlines.  Most importantly, Trunk Archive's decision to pursue a litigation strategy that involved ignoring court-ordered deadlines and disregarding Rule 6 was entirely within its control.  "[I]gnorance of the rules and mistakes construing the rules . . . do not constitute excusable neglect," *see Paterson*, 2018 WL 2023545, at *3, especially where the applicable rules for modification of the Scheduling Order were listed on the first page (ECF 16 at 1).  Under these circumstances, the court finds no excusable neglect for Trunk Archive's failure to timely request extensions of these deadlines.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, it is hereby ORDERED that Trunk Archive's Motion to Modify the Scheduling Order (ECF 40) is DENIED.

IT IS SO ORDERED.

DATED this 5 November 2020.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah